UNITED STATES DISTRICT COURT
For the DISTRICT OF NEW JERSEY

---------------------------------------------------------X
NAILAH MUHAMMAD                    CIVIL ACTION

            Plaintiff,              15 Civ.

   VS.
                                                            COMPLAINT
NEW JERSEY TRANSIT RAIL
OPERATIONS, INC.

           Defendant.
---------------------------------------------------------X

## PLAINTIFF DEMANDS TRIAL BY JURY.

## NATURE OF ACTION

1. The plaintiff brings this action against the defendant for injuries suffered by her while in the employ of the defendant Railroad.

## JURISDICTION

2. This Court has subject matter jurisdiction in this case pursuant to the Federal Employers' Liability Act, 45 U.S.C. § 51.  Venue of this action in the District of New Jersey is proper because the defendant New Jersey Transit Rail Operations is headquartered within the District and because the plaintiff resides within the District.  Venue properly lies in this Court pursuant to 45 U.S.C. § 56.

## PARTIES

3. The plaintiff is of West Orange, New Jersey.

4. The defendant, New Jersey Transit Rail Operations, is a railroad corporation duly established by law, and is headquartered in Newark, New Jersey.

1

## FACTS

5.  During all times herein mentioned, the defendant was a common carrier engaged in the business of interstate commerce, and as such, operated a railroad in such business between Newark, New Jersey and New York, New York.

6.  At the time the plaintiff received the injuries complained of, she was employed by the defendant Railroad as a Conductor.

7.  At the time the plaintiff received the injuries complained of, the defendant Railroad was engaged in interstate commerce and the plaintiff was employed in furtherance of said commerce.

8.  On or about January 30, 2012, the plaintiff was engaged in her duties as a Conductor at Suffern Yard on locomotive train car equipment that was owned and/or operated and/or controlled and/or maintained by the defendant corporation or its agents.

9.  As of January 2012, the defendant NJT Rail began to put into service a new type of locomotive.  The defendant placed certain of its engineers on special instruction duty with the responsibility to introduce crews to the characteristics of the new locomotives.

10. On January 30, 2012, NJT ordered the plaintiff to report to Suffern Yard in order to be introduced to the new locomotives.  She was completely unfamiliar with the physical characteristics of those locomotives.  She reported to the Yard with her brakeman, and they were met by the Special Instruction Engineer responsible for introducing them to the locomotives. The Special Instruction Engineer did not warn them of an unusual feature of the new locomotives, namely that a metal box ran across the floor just beyond the door to the motor area.

11. Following the Special Instruction Engineer, the plaintiff and her brakeman climbed up onto the new locomotive. They viewed the control compartment, which was very dark. Then they proceeded toward the motor area of the locomotive. In order to walk into the motor area, they had to proceed through a metal door. The Special Instruction Engineer went first, followed by the plaintiff. In the narrow aisle, the Engineer opened the door inward toward himself. He did not warn the plaintiff of the uneven floor beyond the threshold of the door, and his body blocked her ability to view the triangle on the door warning of the obstruction beyond the door. There was no warning on the other side of the door.

12. The Engineer opened the door, pushed it to the side wall of the aisle, and stepped forward. The plaintiff followed, holding the door against the side wall and moving her right foot forward. However, unbeknownst to her, just beyond the threshold of the door, the new locomotives had a metal box running along the floor that protected the fuel line. She had never before encountered such a tripping hazard on a locomotive floor.

13. The plaintiff's right foot hit the metal box, causing her to fall down onto the steel floor. Her right knee, arm, and side hit the floor, and then the steel door slammed shut on her left ankle and leg. Bleeding, she was taken by ambulance to the Hospital Emergency Room.

## AS AND FOR A FIRST CAUSE OF ACTION

14. The plaintiff adopts by reference and realleges each and every allegation set forth in paragraphs 1 through 13 of this Complaint with the same force and effect as if set forth under this cause of action.

15. The defendant Railroad, its agents, servants, and employees were negligent for failing to warn the plaintiff of an unusual tripping hazard on the floor of an unfamiliar

locomotive, and otherwise failing to act in a reasonably prudent manner under the facts and circumstances surrounding the accident.

16. As a result of the negligence of the defendant Railroad, its agents, servants, or employees, the plaintiff was injured.

17. As a result of the failure of the defendant Railroad, its agents, servants, or employees to use reasonable care to provide the plaintiff with a safe place in which to work, the plaintiff was injured.

18. As a result of those injuries, the plaintiff has suffered and will suffer lost wages and benefits, impairment to earning capacity, medical expenses, pain and suffering, and mental anguish.

## AS AND FOR A SECOND CAUSE OF ACTION

19. The plaintiff adopts by reference and realleges each and every allegation set forth in paragraphs 1 through 13 of this Complaint with the same force and effect as if set forth under this cause of action.

20. On January 30, 2012, the locomotive in which the plaintiff was injured was being operated as and functioning as a locomotive.

21. As a result of the failure of the defendant Railroad, its agents, servants, or employees to provide the plaintiff with a locomotive with all parts and appurtenances and warnings functioning as intended, the defendant Railroad violated the Locomotive Inspection Act, 49 U.S.C. §§20701-20703 and 49 CFR 229.14.

22. As a result of said violation, the plaintiff was injured.

23. As a result of those injuries, the plaintiff has suffered and will suffer lost wages and benefits, impairment to earning capacity, medical expenses, pain and suffering, and mental anguish.

24. That the plaintiff was damaged thereby in the sum of $2,000,000.00.

WHEREFORE, in order to fairly and justly compensate the negligently injured plaintiff and thereby promote safe operating conditions on the defendant Railroad, the plaintiff demands a judgment for money damages against the defendant Railroad in the sum of TWO MILLION ($2,000,000.00) DOLLARS; together with the costs and disbursements of this action in addition to any further relief the Court deems just and equitable.

By his attorneys,

By___/s/ Marc Wietzke, MW1551___
MARC T. WIETZKE
Flynn & Wietzke, P.C.
1205 Franklin Avenue, Suite 370
Garden City, NY 11530
Telephone:  (516) 877-1234
Fax:  (516) 877-1177
E-Mail:  MWietzke@FELAattorney.com
           Eflecha@FELAattorney.com

and

Charles C. Goetsch [CG9082]
Charles Goetsch Law Offices LLC
405 Orange St.
New Haven, CT 06511
203-672-1370 office
203-776-3965 fax
charlie@gowhistleblower.com